12-4049-cv
*Mona Hamza v. Saks Fifth Avenue, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand and thirteen.

PRESENT:

    PIERRE N. LEVAL,
    PETER W. HALL,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

------------------------------------------x

MONA HAMZA,

      *Plaintiff-Appellant,*

      -v.-                        No. 12-4049-cv

SAKS INCORPORATED,

      *Defendant,*

SAKS FIFTH AVENUE, INC.,

      *Defendant-Appellee.*

------------------------------------------x

**FOR APPELLANT:**          Brian K. Condon, Condon & Associates, PLLC, Nanuet, NY.

**FOR APPELLEE:**          Steven D. Hurd, Marc Mandelman, Evandro C. Gigante, Proskauer Rose LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stamp, *J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Mona Hamza ("Hamza") appeals from the District Court's memorandum opinion and order of September 26, 2012 granting Defendant-Appellee Saks Fifth Avenue, Inc. ("Saks") judgment as a matter of law as to her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Complaint alleges that Hamza's employment at Saks was terminated in retaliation for her decision to leave early during Ramadan 2006.[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's grant of a defendant's renewed motion for judgment as a matter of law, reviewing the evidence in the light most favorable to the non-moving party. *Cash v. Cnty. of Erie*, 654 F.3d 324, 332-33 (2d Cir. 2011); *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008). Where a jury has not rendered a verdict, "judgment as a matter of law should not be granted unless . . . there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998) (quotation and citations omitted). In sum, "[i]f, drawing all reasonable inferences in favor of the nonmoving party and making all credibility assessments in [her] favor, there is sufficient evidence to permit a rational juror to find in [her] favor, we must overturn the . . . judgment as a matter of law." *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142

---

[1] The Honorable Frederick P. Stamp, Jr., of the United States District Court for the Northern District of West Virginia, sitting by designation.

[2] Ramadan is a month-long annual Muslim holiday that was celebrated from September 23 to October 22 in 2006.

(2d Cir. 1998) (quoting *Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1039 (2d Cir. 1992)) (brackets omitted).

It is well established in this Circuit that where direct evidence of retaliatory motive is not available, the *McDonnell Douglas* burden shifting analysis applies to Title VII retaliation claims. *See e.g.*, *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). Once the plaintiff first establishes a *prima facie* case of retaliation, the burden then shifts to the employer to "articulate a legitimate, non-retaliatory reason for the challenged employment decision." *Id.* at 721. The burden then shifts back to the complainant to "point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id.*

Without deciding whether Hamza satisfied the protected activity requirement for purposes of establishing a *prima facie* case of unlawful retaliation under Title VII, we conclude that the District Court correctly determined that Saks articulated legitimate, non-retaliatory reasons for her termination. Hamza, however, contends that, contrary to the District Court's holding and based on the evidence introduced at trial, reasonable jurors could find that Saks's legitimate, non-retaliatory reasons were a pretext for retaliation. We disagree. Saks proffered highly persuasive evidence that Hamza was terminated because of deficiencies in her performance, her inadequate customer service skills, her inability to work well with others and her failure to comply with Saks's company policies. On the record before us, Hamza has failed to show that any reasonable juror could find Saks's legitimate, non-retaliatory reasons for her termination to be a pretext for retaliation.

We have examined the remainder of Appellant's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court, entered on September 27, 2012.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court